UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KELVIN NEWLON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. 4:15CV1327 RLW |
| TOM VILLMER, | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Kelvin Newlon's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1 ("Motion")). Because this Court has determined that Newlon's claims are inadequate on their face and the record affirmatively refutes the factual assertions upon which Newlon's claims are based, this Court decides this matter without an evidentiary hearing.[1]

## BACKGROUND

On August 5, 2010, following a trial by jury in the Circuit Court of the City of St. Louis, Missouri, Kelvin Newlon ("Newlon") was found guilty of sexual misconduct involving a child. The incident involved Newlon forcing his stepdaughter to undress, fondling her, and then

---

[1] "A district court does not err in dismissing a movant's motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. U.S.*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. U.S.*, 341 F.3d 720, 722 (8th Cir. 2003)(citation and quotation marks omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (in a §2254 case, holding that "[a] petitioner is not entitled to an evidentiary hearing . . . when his claims are . . . contentions that in the face of the record are wholly incredible.").

masturbating and ejaculating on her. The court sentenced him to seven years' imprisonment in the Missouri Department of Corrections.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "[I]n a §2254 habeas corpus proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). "[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d). "'A state court's decision is contrary to ... clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision ... and nevertheless arrives at a [different] result.'" *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). The Supreme Court has emphasized the phrase "Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of this Court's decisions," and has cautioned that §2254(d)(1) "restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. A State court "unreasonably applies" federal law when it "identifies the correct governing legal rule

~ 2 ~

from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. A State court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 791 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

## DISCUSSION

### I. GROUND ONE

In his first claims, Newlon raises the claim of ineffective assistance of counsel because counsel the trial counsel followed the trial court's advice about how to cross-examine the victim about her earlier statements. (ECF No. 1 at 5).

To support an ineffective assistance of counsel claim, a convicted movant must first show "that his counsel's performance was deficient, and that he suffered prejudice as a result." *Paul v. United States*, 534 F.3d 832, 836 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The movant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Malcom v. Houston*, 518 F.3d 624, 626 (8th Cir. 2008). A reasonable probability is less than "more likely than not," *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), but more than a possibility. *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005). A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance

prejudiced his defense." *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (citations omitted).

Newlon presented this claim in his 29.15 litigation. The motion court found the claim was meritless. *See* ECF No. 19-6 at 41-44. Newlon, however, did not present this claim on his post-conviction appeal. (ECF No. 19-8). The Court holds that Newlon's first ground for relief is defaulted because he did not brief this claim in his post-conviction appeal. As a result this claim is barred. *Sweet v. Delo*, 125 F.3d 1144, 1151 (8th Cir. 1997)("If the petitioner has "failed to follow applicable state procedural rules in raising the claims, he is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies.")(internal citation omitted). Likewise, Newlon's habeas petition does not show good cause and actual prejudice sufficient to allow this Court to review this claim. *Murray v. Carrier*, 477 U.S. 478, 492 (1986) (must show good cause and actual prejudice). Therefore, the Court holds that it is procedurally barred from reviewing this claim.

Moreover, the Court holds that Newlon's claim is meritless. The Rule 29.15 trial court determined this claim was meritless. (ECF No. 19-6 at 41-44). The Rule 29.15 court noted that Newlon offered no evidence at his hearing regarding this claim. (ECF No. 19-6 at 44). The 29.15 court noted that the trial court "did not preclude counsel from questioning [the] victim about what she saw or what she said; the Court told counsel she could not ask [the] victim what other person wrote down." (ECF No. 19-6 at 44). The 29.15 court further observed:

> [I]t is mere speculation that questioning the State's witnesses further would have elicited testimony that [the] victim said nothing about movant touching himself in front of her. It is at least as likely they would have confirmed she told or that the incident never camp up. Pursing this line of questioning could have led to highly prejudicial testimony from the State's witnesses.

(ECF No. 19-6 at 44). Newlon failed to demonstrate that a different strategy would have produced a different result. "The defendant must show that because of counsel's error, there is a

reasonable probability that the result of the proceeding would have been different. 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Odem v. Hopkins*, 382 F.3d 846, 850 (8th Cir. 2004) (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052); *Shaw v. Dwyer*, 555 F. Supp. 2d 1000, 1008 (E.D. Mo. 2008). Newlon has not shown that his counsel breached any duty to him or that his actions had any prejudice to Newlon. The Court denies habeas relief on this ground.

## II. Ground Two

Newlon next claims that he received ineffective assistance of counsel because counsel did not request a mistrial when the jury appeared deadlocked. (ECF No. 1 at 6). Again, the Court holds that Newlon defaulted on this ground. Newlon presented this issue to the Rule 29.15 motion court, which found it to be meritless. (ECF No. 19-6 at 44-45. Newlon, however, did not preset this claim as part of this Rule 29.15 appeal. (ECF No. 19-8). This claim is barred based upon procedural default. "'Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state court in accordance with state procedural rules.'" *Arnold v. Dormire*, 675 F.3d 1082, 1086– 87 (8th Cir. 2012) (quoting *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009)). Under Missouri law, "'a claim must be presented at each step of the judicial process in order to avoid default.'" *Arnold*, 675 F.3d at 1087 (quoting *Jolly v. Gammon,* 28 F.3d 51, 53 (8th Cir. 1994) (quoting *Benson v. State,* 611 S.W.2d 538, 541 (Mo. Ct. App. 1980) (internal citation omitted)). Newlon failed to raise this fourth claim on his 29.15 appeal in state court. Newlon does not state good cause or actual prejudice to overcome his default. This claim, therefore, is procedurally defaulted and is denied on this basis.

In the alternative, Newlon's second claim is meritless. The Rule 29.15 court stated:

> Where it is alleged counsel was ineffective for failing to request a mistrial, the prejudice must go beyond a mere error or mistake in strategy. The movant must

˜5˜

> show that under the circumstances a mistrial would have been granted had it been requested. *State v. Clemons*, 946 S.W. 2d 206, 231 (Mo. banc 1997); *State v. Light*, 871 S.W. 2d 59, 63 (Mo. App. E.D. 1994); *Meade v. State*, 779 S.W. 2d 659, 661 (Mo. App. 1989).
>
> Movant presented no evidence with regard to this claim and the Court does not believe the record supports any finding of coercion as the jury remained deadlocked as to three of the four counts. This claim is without merit.

(ECF No. 19-6 at 45). Under these circumstances the Court holds that Newlon has not demonstrated that his counsel had a duty to request a mistrial or that there was any prejudice to him to request a mistrial. This Court for relief is denied.

### III. Ground Three

In his third claim, Newlon alleges that appellate counsel was ineffective for failing to raise the issue that the trial court erred by admitting evidence of Newlon's prior bad acts. (ECF No. 1 at 8). That is, Newlon claims that his appellate counsel failed to brief the trial counsel's introduction of evidence that Newlon had fired a gun at the victim's mother. (*Id.*) The Rule 29.15 trial court found the claim was meritless and the court of appeals affirmed

> Furthermore, appellate counsel neither has a duty to raise every possible issue asserted in the motion for new trial nor to present non-frivolous issues where appellate counsel strategically decided to winnow out arguments in favor of other arguments. *Mallett v. State*, 769 S.W. 2d 77, 83 (Mo. banc 1989). At the evidentiary hearing, appellate counsel testified that she considered raising a claim regarding the admissibility of the gun evidence but after reading the transcript "decided that although the gun evidence could have been raised as bad acts if it had been introduced by the State, [trial counsel] actually, I thought, opened the door by admitting that evidence because she brought up the fight on her cross-examination." The motion court found that appellate counsel 'articulated reasonable bases for her decisions not to raise these two issues on appeal.' Based on our review of the record, we conclude that the trial court did not err in finding that Movant's claim was without merit. Point denied.

(ECF No. 19-10 at 8-9). The Court holds that these determinations are entitled to deference under 28 U.S.C. §2254(d). Newlon has failed to overcome the presumption that, the challenged action

could be considered "sound trial strategy." *Bell v. Cone*, 535 U.S. 685, 698 (2002) (internal citation omitted). Therefore, the Court denies this habeas claim.

## IV. Ground Four

Finally, Newlon claims that his due process rights were violated when the trial court failed to order a hearing to determine whether juror number 8 was coerced into voting guilty. (ECF No. 1 at 10). The trial court declined to review this claim due to Newlon's lack of timely objection. (Tr. 341). *See State v. Hayes*, 624 S.W.2d 16, 20 (Mo. 1981) (objection should have been made at trial). The Court holds that this claim fails because Newlon failed to present it on direct appeal. (ECF No. 19-3). *See Sweet*, 125 F.3d at 1149. Moreover, Newlon has not shown good cause for his default or that he was actually prejudiced. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) (quoting *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991) ("'federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'"). In the alternative, the trial court found the claim was meritless because there was no evidence of coercion. (Tr. 341). The Court gives deference to the trial court's determination that the claim was meritless because there was no evidence of coercion, especially where the jury hung on three of the four counts. (Tr. 341). 28 U.S.C. §2254(d).

Accordingly,

**IT IS HEREBY ORDERED** that Kelvin Newlon's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus By a Person in State Custody (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox*

*v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

A judgment dismissing this case is filed herewith.


Dated this 30th day of July, 2018.

*[signature]*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE